UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CRIMINAL NO. 4:25-CR-216 |
| | § | |
| FRANCISCO VENEGAS, Jr. | § | |
| | § | |

## <u>REPORT AND RECOMMENDATION</u>

Before the Court, by referral pursuant to 28 U.S.C. § 636(b), is the matter of the re-arraignment of Francisco Venegas, Defendant in this action. Order, ECF No. 26.[1] The Court, having addressed Defendant personally in open court, now submits its Report and Recommendation.

On February 11, 2026, Mr. Venegas appeared with counsel before the Court for the purpose of entering a guilty plea to Count 1 of the Indictment, charging him with possession with intent to deliver a controlled substance, 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi). Sentencing Data Sheet, ECF No. 29. After conducting this proceeding in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, this Court makes the following findings of fact:

1. Mr. Venegas, after consultation with counsel of record and with the approval of the Government, has knowingly and voluntarily consented to be advised of his rights and to enter a plea of guilty before Judge Palermo, subject to Judge Hanks' final

---

[1] Mr. Venegas consented *in writing* to plead guilty before Judge Palermo. ECF No. 28.

1 / 3

approval and imposition of sentence.

2. Mr. Venegas is fully competent and capable of entering an informed plea.

3. Mr. Venegas is aware of the nature of the charges, the maximum punishment range, and the penalties that may be imposed at sentencing.

4. Mr. Venegas understands his constitutional and statutory rights and wishes to waive those rights, including the right to plead not guilty, the right to trial, the right to appeal, and the right to collaterally attack the conviction.

5. Mr. Venegas understands that Judge Hanks, the sentencing judge, is not bound by any recommendation on sentencing counsel may make to him. In addition, if Judge Hanks does not follow a recommendation on sentencing, Mr. Venegas understands he may not withdraw his plea of guilty even if the sentence is more severe than he expected it to be.

6. There is an independent basis in fact to support each of the essential elements of the offenses charged in Count 1 of the Indictment.

7. Mr. Venegas' plea of guilty is knowingly, voluntarily, and freely made, and he understands the consequences of his plea. This is an informed plea.

Therefore, it is the Court's **RECOMMENDATION** that Judge Hanks **ACCEPT** the guilty plea of Mr. Venegas to Count 1 of the Indictment and that he be adjudged guilty of the offenses alleged in Count 1 of the Indictment, to wit: possession with intent to deliver a controlled substance, 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi).

**The parties have fourteen (14) days to file written objections pursuant**

**to General Order 2002-13. Failure to file written objections timely shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.**

Signed on February 11, 2026, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**